Good morning. Kurt Hermanson for Frank Perez. Your Honors, in this case, the Court should overrule the District Court in this habeas matter because the State Court decisions were contrary to clearly established United States Supreme Court law, specifically In re Winship that sets forth the standard that no one can be convicted in a criminal case unless there's proof beyond reasonable doubt. Case v. Louisiana, where the United States Supreme Court found that the instruction given there violated the and diluted and watered down the beyond reasonable doubt instruction and the case of Victor v. Nebraska. Here the government argues that Victor v. Nebraska takes care of this case because there the Supreme Court ruled that when the instructions were looked at in whole, 2.90 and all the other instructions that were given in the case, that the moral certainty language did not violate due process, did not violate the in re Winship standard. The difference between Victor v. Nebraska in this case is that although we still have the objectionable moral certainty language and the Supreme Court has said, although they didn't find that there was a violation of the in re Winship standard in Victor v. Nebraska, they also said that they do not countenance that language. So it's not like the Supreme Court has approved of the language. They've just said it doesn't rise to the level of a due process violation. Is it your contention that 2.90 of the California jury instructions is unconstitutional on its face? I was looking this morning and we found that it's been used and referred to as recently as January of this year. It's not unconstitutional on its face, but in this case it violated Mr. Perez's right to have a jury find him guilty based on proof beyond reasonable doubt. Because in this case, it's not only do we have the moral certainty language, which the Supreme Court does not countenance, but we also have the abiding conviction language, which is also this old language, which is very troublesome, which Justice Mosk found very troublesome. What Supreme Court case says you can't have abiding, you can't have the abiding conviction language? There's no clearly established Supreme Court law on that. However, the clearly established Supreme Court law says that you cannot dilute the beyond a reasonable doubt standard. And in this case, we have a combination when you look at the cumulative error in this case with the prosecutor arguing that as long as you believe Mr. Perez was in that house, our burden has been met. That clearly was a misstatement of the law. But isn't that cured by a judge? I mean, you can't have a reversal with every foot fault that a lawyer makes. The judge has to respond at the time and say the instruction. The arguments of counsel are not evidence. The instructions control. And by what you say, the only instruction that I see that's at issue here is 290, which is not unconstitutional on its face. The other instructions seem to have been satisfactory. So why don't we presume that the jury follows the instructions of the trial court and the admonition of the court isn't sufficient? We absolutely, the court absolutely should assume that the jury follows the instructions of the court and the court is required to do that. The problem in this case is that you have in the rebuttal closing argument of the government, you have the prosecutor saying that as long as you believe he went in there, our burden is met. There's an objection by defense counsel. Instead of sustaining or overruling the objection, the court doesn't, says, you'll just, all the court says as a curative is you are to follow the instructions of the court. What was required and was a sua sponte instruction, and I would cite the court to my opening brief at page 18, U.S. v. Baer, where this Court reversed under plain error for failing to give a sua sponte instruction. And I think this case is like that case where the court has an obligation to, when defense counsel objects to the prosecutor saying as long as you believe he was there, our burden is met. Well, I read it in context, what he was arguing, and maybe there was a more artful way to put it, but I understood him to say if you believe we've proven it beyond a reasonable doubt, dot, dot, dot, dot. No. Isn't that what he was saying in context, if you believe we've proven? I can cite the court to the excerpt of record, page 47, reporter's transcript, page 462. You need to have an abiding conviction. So there the prosecutor at ER 47 is. And then he explains what an abiding conviction is. Well, I'm sorry. I'm saying he, but it was a she. Okay. She says an abiding conviction is a belief that you strongly hold, and if you believe that he went into, you know, the house and assisted in the taking of the property, our standard is met. Isn't it in context what he's really, even though he used the B word, he used belief, but isn't what he's really saying? If you think we've proven it, if you find that we've proven it beyond a reasonable doubt, then we've met our burden. Well, that's the problem. Is that the pure context of it? I would respectfully disagree, Your Honor, because what he's saying here isn't beyond a reasonable doubt. Those words aren't spoken. Instead, it's a poisonous connection between abiding conviction, which is just to use the word conviction in the beyond a reasonable doubt standard is problematic in itself, because you're using the word conviction. And so then it confuses jurors to say you have an abiding conviction that he was guilty. And here saying if you believe he went into that house and assisted in taking out property, our standard is met, period. So belief should never be equated to beyond a reasonable doubt, because that's not what the In re Winship said. That's not what the law requires. If he said instead of belief, instead of saying if you believe, if he had said if you find, would that have been okay? Yes, because findings, if they find, then they're finding based on the evidence that he's guilty beyond a reasonable doubt. But to say if you believe he's guilty, if you believe he was there, then he's guilty, that is definitely diluting and watering down. I didn't read this argument to be a suggestion that they try to get some kind of, you know, some kind of superstition. It was tied to what was proven. Right. But what happens, realistically what happens many times is juries will come back and say, well, I didn't believe the client or I believed, I believed that he was involved. And that's really not what this country is standing for when we have the highest burden of proof in the land and when we never want, what In re Winship says is that we never want to lock someone away and take away their freedom on anything less than near certainty. So to say belief, I mean, we're naturally going to believe that someone who's charged and someone who's sitting at defense counsel table is involved because the government has brought forth charges and believes strongly enough in their case that they're bringing the case. So I think jurors naturally are going to believe that because someone is charged that they're guilty. What we want in our system, obviously, is for people to only be found guilty if there's proof beyond a reasonable doubt. And to just say belief, I think beyond a reasonable doubt lowers that standard in an unconstitutional way. Do you want to reserve any time for rebuttal? Yes, please.  Good morning, Your Honors. May it please the Court. Jeffrey J. Cook, Deputy Attorney General for Appellee Respondent, People of the State of California. Your Honors, I am a little confused here because counsel mentioned that the abiding conviction language was paired with the moral certainty. That's not in the record. It was simply both the court's instruction about an abiding conviction with no mention of moral certainty, and the prosecutor's statement is the same. So given that, I would suggest that the 290 issue is really a nonissue. It's been ruled on by the United States Supreme Court, by this Court, by the California courts, to the point that in 1999, the California Courts of Appeal referred to it as a frivolous issue that should be taken off the appellate menu. This issue has been gone for a long time. With the abiding conviction language. Your Honor? With the abiding conviction language. Yes, Your Honor. And my reading of the record, and I'm looking at page 71 of the excerpts of record where the Court actually instructed, and it said, It leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction that the charge is true. There's no moral certainty language there. So I would suggest that it's proper. Now, as to the prosecutor's statement, I think that has to be taken in context. First of all, when the Court was about to give the or allow the prosecutors to or I'm sorry, was about to allow counsel to do their closing argument, the judge actually said, now, look, you've got to get the law from me, and actually stated that anything said by a lawyer, and I'm referring to the excerpts of record, page 3, anything said by a lawyer that's different, perceived to be different, than my instruction, you disregard that to a limited extent and you follow the Court's instructions on the law. I guess one of the problems might be that there isn't an inconsistency in a sense, because the prosecutor in his closing purports to define abiding conviction, and the instructions don't further define abiding conviction. That's true, Your Honor. So the jury could look at the instructions and say, okay, and the abiding conviction is a requirement, and the prosecutor has told me what that is, and the judge said I'm supposed to follow the instructions, and the instructions say abiding conviction without any further definition, and the prosecutor tells me what the definition is. Well, Your Honor, again, I believe the Court was very extensive in its saying, don't listen to the lawyers. And usually we get that instruction where the Court says, don't listen to the lawyers with their statements about the evidence. But this Court went further and actually said, don't listen to the lawyers with their statements about the law. And, in fact, during the prosecutor's opening argument, she never mentioned reasonable doubt. She talked about the evidence. She said nothing about reasonable doubt. However, when the defense counsel stood up, that was his case. That was his argument. He prefaced it by saying, you've got to remember there's a presumption of innocence. And then he actually brought out a chart for the jury and went through various levels of proof, saying that, well, if you think he's innocent, that's obviously a not guilty. Fifty-fifty, not guilty. Preponderance, not guilty. Probably guilty, not guilty. Clear and convincing, not guilty, that the only thing they could decide on was proof beyond a reasonable doubt. But then he went further. He equated reasonable doubt with the level of confidence that a person would have, a juror, if one of their loved ones was in a hospital and the doctor recommended pulling the plug because of their vegetative state or a coma. So given what the defense argued, for the prosecutor then to not at the beginning of her argument, but during the course of her closing argument, to say, you need to have an abiding conviction in the truth of the charge. What is a conviction? It's a belief. An abiding conviction is a belief you hold strongly on the basis of some information. If you believe that Frank Perez went into that house and assisted taking out property, our standard is met. And, Judge Silverman, I would suggest that that's akin to saying, if you believe, if you find, based on this evidence, because she paired what she said about abiding conviction with information. To me, that's the same thing as saying the information, what is the information? The evidence in the case. So I would not concede that this was prosecutorial misconduct in the least, but even if it were, as soon as she said that, defense counsel objects and the trial court says, you've got to listen to me on the law, and then gives the instruction later in the instructions after the closing arguments. So my way of thinking is that the 290 issue is not an issue, and that clearly in this case, there was no prosecutorial misconduct, no diminishing of the standard of proof beyond a reasonable doubt. Unless the Court has any questions, I'd say that on the briefing. Roberts. Thank you, Mr. Cook. Thank you, Your Honor. Mr. Hermanson, you've got about two minutes left. Thank you, Your Honor. The clear and convincing standard is the standard that applies when someone pulls the plug. And obviously, that's one of the most important decisions a family member can make. In a criminal case, the standard is even higher, beyond a reasonable doubt. What that means, courts have struggled with for over 100 years, and so have jurors. And in trying to define that, there have been different formulations. The problem in this case is what the prosecutor said in closing, and what the court did about it. But what language could a lawyer use to describe a biting conviction that didn't include a term like conclude, or belief, or something that would be fraught with the same kind of ambiguity that you're attacking here? You're basically saying that the defense is going to establish as their entire defense the burden of proof, reasonable doubt, put up the chart, and then the prosecutor comes up and basically is left with reading the instruction, and not describing what, in his or her view, the term abiding conviction means at all. Because anything that they use in the English language is going to be subject to the same kind of attack, it seems to me. Well, here the defense did not concentrate on abiding conviction. And what the prosecutor could have done is what prosecutors do every day in closing argument and say, a reasonable doubt is one based on common sense and your experience. You don't leave your common sense at the door. You bring it in. And it's not beyond all shadow of a doubt. It's not any possible doubt. It's not a doubt based on imagination. It's a doubt that's reasonable, that you can, something that you can hold on to. But that's based on reason and common sense. But the problem- And just leave abiding conviction alone. Yes. Just stay away from it. It would have been a lot better off. The real, I really want to touch on this quickly, is that the real problem in this case is you have, yes, you have defense closing argument. You have prosecution, you have prosecution closing argument, defense closing argument. Then you have the rebuttal closing argument, which has the, all you have to do is believe he was there, with no curative from the court whatsoever. Then just saying, you'll rely on the law. Then you have a lunch break. So during the entire lunch break, the jury is left to ponder, well, all I have to do is believe that he was there. That's easy. That convinces me. I believe that he was there. So over the whole lunch break, they're given to think about this. Then, with all the other instructions, they're given 2.90, with the moral certainty language and the abiding conviction. So my point is that Victor versus Nebraska does not save the government in this case. This Court can find that clearly establishing Supreme Court law was violated, because Victor versus Nebraska actually, In re Winship and Cage versus Louisiana show that the court has to look at everything when seeing whether the instructions were sufficient. And in this case, this case is not controlled by Victor versus Nebraska, because the language of the Supreme Court did not countenance, was paired with the prosecutor's misstatements. Thank you very much. Excuse me, Judge Kennedy. The moral certainty language wasn't in 2.90, as it was given. The moral certainty language is in 2.90. It's language that the Supreme Court has not countenanced, but that they found was already in there. That language was in there. Thank you very much. Thank you, gentlemen. Excuse me. The case just argued is submitted.
judges: Canby, Silverman , Leighton